UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: ) | |
| ) | CHAPTER 13 |
| RALPH AND KAREN ) | CASE NO. 09-45266 |
| PEARSON, ) | |
| ) | |
| DEBTORS ) | |
| _____ ) | |

**MEMORANDUM OF DECISION**

This matter arises as a result of the Objection of Denise M. Pappalardo, Chapter 13 Trustee (docket # 41) to Confirmation of the First Amended Chapter 13 Plan of Ralph and Karen Pearson (the "Debtors") and the Debtors' Response thereto (docket # 49). At a non-evidentiary hearing on April 21, 2010, counsel for the parties ably presented arguments and I took the matter under advisement. For the reasons more fully set forth below, I sustain the Chapter 13 Trustee's Objection.

The Plan to which the Chapter 13 Trustee objects identifies itself as a "pot plan" and calls for the Debtors to pay $3,671.94 over 36 months, to be applied to pay allowed priority and administrative claims, including the Chapter 13 Trustee's commission, in full, with the balance to be paid to unsecured creditors *pro rata*.[1] In this regard the Plan is not unusual. What prompts the Chapter 13 Trustee's objection is a Plan provision calling for future unspecified post-confirmation administrative claims to be paid out of the Plan. The Plan provides in paragraph 8 of its "Miscellaneous Provisions":

---

[1] "A 'pot plan' refers to a plan which provides that the debtor will pay a fixed amount or 'pot' of money into the bankruptcy estate but the percentage creditors will receive ultimately depends on the total amount of claims that are approved." *In re Martin*, 232 B.R. 29, 33-34 (Bankr. D. Mass. 1999) (quoting *In re Witkowski*, 16 F.3d 739, 741 (7th Cir. 1994)).

1

> In the event the court allows, after notice and a hearing, an administrative expense pursuant to an application that specifically states that the expense is to be paid by the Trustee, the Trustee shall pay such expense from funds that would but for this provision have been paid to general unsecured creditors, provided that this provision shall not operate to reduce the dividend to be paid holders of allowed priority claims.

This provision creates the possibility (indeed, based on the *de minimis* size of the pot, the likelihood) that a post-confirmation administrative claim could consume the pot, thereby reducing any future dividend to general unsecured creditors to zero and, if the administrative claim were large enough, leaving a portion of the administrative claim unpaid. The former could create a violation of 11 U.S.C. §1325(a)(4), which requires that holders of allowed unsecured claims receive under a plan not less than the amount they would receive in a Chapter 7 liquidation. The latter would violate 11 U.S.C. § 1322(a)(2), which requires a plan to provide for full payment of claims entitled to priority under 11 U.S.C. § 507, which includes administrative claims.

Under 11 U.S.C. §1325(a)(1) the Debtors' Plan is unconfirmable. The Chapter 13 Trustee's Objection is sustained. The Debtors shall have 30 days to file an amended plan. A separate order will issue.

Dated: April 28, 2010                                                By the Court,

                                                                     Melvin S. Hoffman
                                                                     U.S. Bankruptcy Judge

2